**Youba Kande Baradji**

(**Detained**),

Alien No.095-416-260

*Petitioner,*

EDCV24-2596-SB(AGR)

v.

MERRICK B. GARLAND

Executive Office For  Immigration Review

Immigration Court

Adelanto,California

10400 Rancho Road

Adelanto,CA 92301

(760)561-6495

Sandra D.Anderson(Chief Counsel)

Philip J.Betz,JR

Deputy Chief Counsel

Mark Frederick UDE

Assistant Chief Counsel

*Respondent.*

FILED
CLERK, U.S. DISTRICT COURT

DEC 2 - 2024

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

**Federal Rule of Civil Procedyre 12(b)(1)**

Petitioner
Youba Kande Baradji
Alien No.095416260
Desert View Annex
10450 Rancho Road
Adelanto ,CA 92301

Clerk
255 E. Tample St
L.A CA 90012.

Now Comes the respondent Youba K.Baradji before this Honorable Court to object the DHS motion to terminate his Asylum Status.

Case Summary & Background.

The relevant fact and historical background are not disputed by this Honorable Court. Respondent Baradji a native and Citizen of Mauritania enter the United State on March 23,2002.He applied and was granted asylum status by USCIS on May 08,2007.Respondent has retained Asylum Status since 2007.On October 10,20021 the respondent was sentence to 108 Months in Prison for Possession and intent to distribute more than 500 gram of Methamphetamine in Violation of 21 U.S.C & 841(a)(1).On February 5,2024 the same district court that the defendant was sentence reduced the defendant sentence to 87 months.( See Ex h1).Priory to that the respondent had plea agreement with the government that if he plea guilty he is going to serve only 36 months jail time. One day before the defendant sentence the government take the plea agreement out the table and sentence defendant to 108 months prison time. What is due process violation. That is why defendant Criminal Case still Pending in Court of Appeal. (Exb 2) The Defendant still fighting his criminal case at United State Court of Appeal 6 Circuit. Case No.24-3593,Youba Baradji V. USA.To Vacate his Sentence for Plea Deal Violation Ground and other issues on his  Direct Appeal. Show defendant Criminal case still in appeal, the Court of Appeal may dismiss this case any time or Vacate the sentence with is going to render this Immigration procedure Moot. For this reason to this Honorable Court should stop this removal procedure until the 6th Circuit Court of Appeal make the final decision in this "Pending Appeal".See Matter of.Gui V.Mukasey,538 F.3d 1292-1295(9th Cir.2008).

Matter of Law

The respondent Baradji moved this Court to Terminate this removal procedure  or vacate this Immigration order. Arguing that as a matter of Law, DHS did not have the authority to terminate his asylum status and in the alternative ,DHS failed to follow mandatory Notice on Intent to Terminate Asylum Status and Hearing before an Immigration Judge Pursuant 8 C.F.R & 208.24(a)(c)(f). Priory before placing the respondent in the removal proceeding or Serving  the Respondent Notice to Appear. The alien shall be giving notice of intent to terminate, with the reason therefor, at least 30 days priory to the hearing specified in paragraph (a) on 8 C.F.R & 208.24(a)(c)(f).Before the hearing in front of Immigration Judge. The alien should be giving the opportunity to present evidence  that showing he or she still eligible for Asylum ,withholding of deportation or removal. In respondent Baradji case on February 10,2023 the DHS send Notice To Appear to the defendant.(Ex h b 3), with out providing the

respondent the Notice To Intent To Terminate Granted Asylum By USCIS,30 day priory to appear front of Immigration Judge  pursuant 8 C.F.R & 208.24(a)(c)(f).Show this is due process violation ,as matter of law the DHS failed to fallow mandatory procedure priory to place defendant under removal procedure. See Matter of Bal V. Sessions,292 F. Supp.3d 604(United State District Court For the Eastern District of Pennsylvania November 17,2017). Ordering the respondent to appear before an Immigration Judge at 10250 Rancho Road.,suit 201A.Adelanto,Ca 92301.With out serving the respondent Notice of Intent to Terminate the grant asylum and Hearing before an Immigration Judge. What is mandatory at least 30 days before hearing pursuant 8 C.F.R.& 208.24.(a)(c)(f).The defendant asylum was grant by USCIS not by Immigration Judge or the board  under the jurisdiction of the executive officer for Immigration review pursuant to 8 C.F.R & 1208.24(a).The implementing regulation for section 208(a) (c)(f) of the act are codified of 8 C.F.R & 208.24 and 1208.24 and are entitled" Termination of asylum or withholding of removal or deportation" The regulation provide two avenue for termination grant of asylum. One  is before the Immigration officer or the district director if following interview. After serving the Notice to Intent to Terminate the Granted Asylum. Pursuant 8 C.F.R.& 208.24(a)(c)(f).

The second one were the granted asylum was grant by Immigration Judge or the Board are under the jurisdiction of the executive officer for Immigration Review pursuant to 8 C.F.R & 1208 .24(f).The respondent is under the fist one pursuant to 8 C.F.R & 208.24 (a)(c)(f).

The respondent was order to appear in Immigration Court on April 13,2023 Before Honorable Curtis White in removal proceedings(see Exh 4).Before the hearing the respondent never receive Notice to Intent to Terminate Grant of Asylum with allegation in the notice to appear. This notice should be serve at least 30 days before ordering the defendant to appear or serving form I-862 ,Notice to appear. This notice was send to Defendant February 10,2023.As Matter of Law the DHS did not have the authority to terminate his asylum status and in the alternative ,DHS failed to follow mandatory Notice of Intent to Terminate Granted Asylum and Hearing before Immigration Judge. This is due process violation.

In the Second court hearing before the Honorable Curtis G. White Immigration Judge.(see Exh5). The first think that the Honorable Judge ask the DHS represent Mark Frederick UDE is that the respondent is asylee that never adjust his status. Under the Law of this Court  the Court need Notice to Intent to Terminate the Granted Asylum and the court does not have that yet. Us you can see this Honorable Court  the DHS does not have the Notice to intent to terminate granted asylum at May 25,2023 Hearing.

The Honorable Judge was very Clear if my asylum was granted by immigration officer under (USCIS) Jurisdiction .To be able to pursue this hearing procedure. The DHS need to send to the defendant the Notice to intent to Terminate granted asylum before the July 6,2023 hearing. Show the Honorable Judge give the DHS officer Mr UDE one final continence until July 6,2023 to make sure the DHS have the Notice to intent to terminate Granted asylum Status by July 6,2023.The Honorable Judge to Mr .UDE

please have that Notice ,otherwise, you will need to explain why the court should not terminate the case for lack of prosecution. Show now comes the July 6,2023 hearing the DHS said to the Honorable judge Curtis G. White that they send the Notice to Intent to terminate my asylum status. I did not get the notice in that hearing because the DHS send it in June 26 by regular mail and going to take time he rest the case and gives next hearing date July 20th,2023 at 8:30 am. When I comes that hearing it was new Judge in my case. Show he did not continue the case were my Judge left it. He Start all new procedure again. That violet my due process right again, because the Notice Of Intent that I Receive from The DHS to Intent to Terminate my Asylum is defective. It not the right one on your Honor.The Department of Homeland Security did not have the right Notice to Intent to Terminate my Granted Asylum status by USCIS ,Director, Los Angeles Asylum Office Mr David Radel,on time before the July 6,2023 hearing .Show the DHS went and make defective Notice to Intent to Terminate granted Asylum Status. My Asylum was granted by United State Immigration and Citizen Services show the Notice to Intent to

Terminate my Asylum should be issued by (USCIS) not the Department of Homeland Security,(DHS). On your Honor us matter of Law this is violation again the defendant due process right, it also prejudice the defendant because the Immigration Judge was going to Terminate the removal Proceeding because the DHS did not have the NOIT on time by USCIS not only it violet the law ,violet the defendant due process right ,but is also under mine this Honorable Court integrity. The only reason they did this because they know the IJ was going to terminate this procedure for lack of prosecution. Because they could not get the Notice to Intent To Terminate Granted Asylum Status on time. Show they induce defective Notice, Show on your Honor with all respect ,on the Department like Homeland Security should never use there power to violet the law and Mandatory procedure set for this Honorable Court. Just because the DHS  lack of prosecution in the defendant matter, they violated the defendant due process right and the rule of law and the mandatory procedure set in this Honorable Court to terminate grant asylum status.

The defendant receive the Notice To Intent To Terminate Granted Asylum Status and Hearing before an Immigration Judge, Send by U.S Citizenship and Immigration Services 8 months latter, On October 6,2023.Sign by David Radel Director, Los Angeles Asylum Office See (Exhb 6). Show the defendant receive the correct Notice to Intent to Terminate Asylum Status and Hearing before an Immigration Judge 8 Months afters been serve Notice to Appear before Immigration Judge. This Notice should be serve at least 30 days before to appear in Hearing an Immigration Court. Show I am asking this Honorable Court  As Matter of Law, DHS prejudice the defendant the out come of the proceeding was going to be different. The DHS did not have the authority to terminate defendant asylum status and in the alternative, DHS failed to follow mandatory Notice and Hearing regulation before terminating his granted asylum.  Matter of.Singh V. Bardini,2010 U.S.Dist.Lexis 55706.(June 7,2010).

Due Process Violation

 The proceeding was so fundamentally unfair that the Defendant was preventing from reasonable presenting his case, the Defendant did not receive the Notice to intent to terminate asylum by USCIS until 8 months latter after the removal hearing start. Show the Defendant was prejudice presenting evidence of his asylum eligibility, the defendant needt to know what "Evidence "the government intends to introduce at the hearing. See the matter :Grigoryan V.Barr,959 F.3d 1233.See also the Matter of Suate ~~Orellana V.Garland,101 F.4th 624.(9ᵗʰ Cir 2024).See Also matter of :DE La Rosa V.Garland,2 F.th 685.(7ᵗʰ Cir 2021).The 7ᵗʰ Cir however already had suggested that the statute did not permit notice to be accomplished in two or more steps; such an approch,we though, is inconsistent with the express language in section 8 C.F.R & 208.24(a)(c)(f) and the supreme Court guidance in Periera V.Session,138 S. Ct.2105,2116~~17,201 L.Ed.2d433(2018).See Ortiz-Santiago,924 F.3d at 962(rejecting the government invitation to approve of this "two ~~step process").The Supreme Court recently ratified there position in Inz~~Chavez V.Garland,141 S.Ct 1474,209 L Ed. 2D 433(2021) requires Sigle complete Notice To Appear. It reject what is called the government "notice by installment theory" id .at 1479.and said the language of the statute compels a single document with all the required information.

The respondent Baradji file motion asking the Honorable Immigration Judge relief under section 209(b).The Respondent never adjust to permanent resident status before. The respondent is asking this Honorable Court to exercise of discretion based on the hardship that respondent removal to Mauritania would cause to his United State Citizen Child.See Matter.In re K,23 I & N.Dec.661(June,23 2004 BIA). See also matter of: Siwe V. Holder 742 F.3d 603(5th Cir.2014).Based on the unambiguous and Controlling Language" any alien granted asylum in section 209(b) of the act. I would that an asylee who not previously adjusted to lawful permanent resident status pursuant 209(b) may apply for adjustment of status under that section even after termination of asylum status. Show I am asking this Honorable Court to give me chance to adjust my status under section209(b).

Conclusion

With the utmost "respect" I would appreciate if this Court Could please read the new evidence in my case and vacate this removal proceeding did not fallow the mandatory proceeding to terminate granted asylum, with require Notice To Intent To Terminate Granted Asylum Status Under Section 8.C.F.R & 208.24(a)(c)(f).


Respectfully
Youba Kande Baradji

Youba K. Baradji

Respondent Pro Se
Date:  11/25/2024

# Exhibit /

*Exh 6*

## OFFICE OF THE FEDERAL PUBLIC DEFENDER
## SOUTHERN DISTRICT OF OHIO
250 East Fifth Street, Suite 350
Cincinnati, OH 45202

**Joseph Medici**
**Federal Public Defender**

Phone: **(513)929-4834**
Toll Free: **(855)812-6088**
Fax: **(513)929-4842**

February 5, 2024

YOUBA K BARADJI
77773-061
FCI Victorville Medium I
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 3725
ADELANTO, CA 92301

Mr. Baradji;

Good News!  The court has granted your motion, and reduced your sentence to 87 months.
So start planning.  Also, I would not inform others in your facility about this news – some
inmates get jealous and cause problems for those released early.  Also, when released, keep
in mind your duties regarding reaching out to probation.  Good luck with everything!

*Kevin M. Schad*

Kevin Schad
Assistant Federal Public Defender
Appellate Director
kevin_schad@fd.org

# Exhibit 2

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Kelly L. Stephens
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: July 11, 2024

Youba Kande Baradji
F.C.I. Victorville - Medium I
P.O. Box 3725
Adelanto, CA 92301

Re: Case No. 24-3593, *Youba Baradji v. USA*
Originating Case No. 2:23-cv-01441 : 2:18-cr-00258-1

Dear Mr. Baradji,

This appeal has been docketed as case number **24-3593** with the caption that is enclosed on a separate page. The appellate case number and caption must appear on all filings submitted to the Court.

A review of the District Court docket indicates your motion for leave to proceed on appeal in forma pauperis is pending in that court. If the district court denies your motion, in whole or in part, you have thirty (30) days from the date of that denial to either pay the appellate filing fee, or renew the in forma pauperis motion. If you choose to pay the $605.00 fee (or the amount stated by the district court), it must be submitted to the U.S. District Court. If you are dissatisfied with the district court's ruling on your motion and you choose to file the motion for leave to proceed on appeal in forma pauperis, that motion and an accompanying financial affidavit must be submitted to this court, the United States Court of Appeals for the Sixth Circuit.

For this appeal to proceed, the district court or this court must issue a certificate of appealability (COA) stating at least one issue for review. If the district court has denied the COA as to some or all issues, this court will review all issues rejected by the district court. You do not need to take any further action for this review to occur. However, if you choose to do so, you may submit **one signed** motion to grant a COA with this court, stating the issues for review and why this court should review them. If that is your choice, please do so as soon as possible. 6th Cir. R. 22(a).

This court's review may take several months. If both the district court and this court deny a certificate of appealability as to all issues, the appeal cannot proceed and will be closed. 28 U.S.C. § 2253(c).

# Exhibit 3

Case 5:24-cv-02596-SB-AGR    Document 1    Filed 12/02/24    Page 11 of 29    Page ID
#:111
Uploaded on: 2/10/2023 at 4:08:19 p.m. (Pacific Standard Time)  Base City: ADL
RESTRICTED Case: 24-4428, 07/30/2024, DktEntry: 8.2, Page 605 of 608

Allegations: Admit 1-4;. deny 9-6; Ct finds true 5-6 | Charges: Sustains All;
Designated Country: MAURITANIA |

IHRP
FCI Victorville I
BOP#77773-061
PRD:04/10/2027

**DEPARTMENT OF HOMELAND SECURITY**
**NOTICE TO APPEAR**

DOB: 04/25/1980

Event No: ADE2302000086

In removal proceedings under section 240 of the Immigration and Nationality Act:
Subject ID: 383089490

File No: 095 416 260

In the Matter of:

Respondent: YOUBA KANDE BARADJI                                    currently residing at:

13777 Air Expressway VICTORVILLE,CALIFORNIA, 92394

(Number, street, city, state and ZIP code)          (Area code and phone number)

☐ You are an arriving alien.

☐ You are an alien present in the United States who has not been admitted or paroled.

☒ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of MAURITANIA and a citizen of MAURITANIA;

3. Your status was adjusted to that of a Asylee (AS1), on 03/23/2002;

4. On or about March 23, 2002, you were granted asylum at New York City, NY.

5. You were, on October 10, 2021, convicted in the United States District Court for
the Southern District of Ohio for the offense of Conspiracy to Possess with Intent to
Distribute more than 500 grams of Methamphetamine in violation of 21 USC §§§  See
Continuation Page Made a Part Hereof

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

See Continuation Page Made a Part Hereof

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:    ☐ 8CFR 208.30    ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

10250 RANCHO ROAD, Suite 201A, ADELANTO CA 92301.
(Complete Address of Immigration Court, including Room Number, if any)

on March 14, 2023 at 8:00 AM to show why you should not be removed from the United States based on the
(Date)        (Time)

charge(s) set forth above.            A 6849 BUCHHOLZ  SDDO
(Signature and Title of Issuing Officer)

Date: February 10, 2023
(City and State)

DHS Form I-862 (6/22)                    Page 1 of 4

Exh. 1 - Adm.

000605

Uploaded on: 2/10/2023 at 4:08:19 p.m. (Pacific Standard Time) Base City: ADL

RESTRICTED Case: 24-4428, 07/30/2024, DktEntry: 8.2, Page 606 of 608

Allegations: Admit 1-4; deny 5-6; Ct finds true 5-6 | Charges: Sustains All;

Designated Country: MAURITANIA |

**Notice to Respondent**

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589**. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at **http://www.ice.gov/contact/ero**, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

---

**Request for Prompt Hearing**

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____   _____
                                                                    *(Signature of Respondent)*

_____                                   Date: _____
*(Signature and Title of Immigration Officer)*

**Certificate of Service**

This Notice To Appear was served on the respondent by me on ___February 10, 2023___ , in the following manner and in compliance with section 239(a)(1) of the Act.

☐ in person   ☐ by certified mail, returned receipt # _____ requested   ☒ by regular mail
☐ Attached is a credible fear worksheet.
☐ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the ___English___ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

                                                                ELLIOTT MCCORKLE ~ DO

_____                    _____
*(Signature of Respondent if Personally Served)*        *(Signature and Title of officer)*

DHS Form I-862 (6/22)

EOIR - 2 of 4

Exh.   1 - Adm.

Allegations: Admit 1-4; deny 5-6; Ct finds true 5-6 | Charges: Sustains All;
Designated Country: MAURITANIA |

**Privacy Act Statement**

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

ECIR - 3 of 4

Exh. 1 - Adm.

**DHS Form I-862 (6/22)**

Case 5:24-cv-02596-SB-AGR    Document 1    Filed 12/02/24    Page 14 of 29    Page ID
RESTRICTED Case: 24-4428, 07/30/2024, DktEntry: 8.2, Page 608 of 608
Uploaded on: 2/10/2023 at 4:08:19 p.m. (Pacific Standard Time)    #:145

Allegations: Admit 1-4; deny 5-6; Ct finds true 5-6 | Charges: Sustains All;
Designated Country: MAURITANIA |

**U.S. Department of Homeland Security**                    **Continuation Page for Form** _I-862_

| Alien's Name<br>BARADJI, YOUBA KANDE | File Number<br>095 416 260<br>Event No: ADE2302000086 | Date<br>02/10/2023 |
|---|---|---|

THE SERVICE ALLEGES THAT YOU:
-----------------------------
841(a)(1), 841(b)(1)(A)(viii), 846 and 18 USC § 3553 (f).

6. For this offense you were sentenced to 108 months prison


ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED
STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
--------------------------------------------------------------------------------------------
--------------------------------------------------
Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that,
at any time after admission, you have been convicted of an aggravated felony as defined in
Section 101(a)(43)(B) of the Act, an offense relating to the illicit trafficking in a
controlled substance, as described in section 102 of the Controlled Substances Act,
including a drug trafficking crime, as defined in section 924(c) of Title 18, United States
Code.

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that,
at any time after admission, you have been convicted of an aggravated felony as defined in
section 101(a)(43)(U) of the Act, a law relating to an attempt or conspiracy to commit an
offense described in section 101(a)(43) of the Act.

Section 237(a)(2)(B)(i) of the Immigration and Nationality Act, as amended, in that, at any
time after admission, you have been convicted of a violation of (or a conspiracy or attempt
to violate) any law or regulation of a State, the United States, or a foreign country
relating to a controlled substance (as defined in Section 102 of the Controlled Substances
Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of
30 grams or less of marijuana.

| Signature<br><br>A 6949 BUCKHOLZ | Title<br><br>SDDO |
|---|---|

_4_ of _4_ Pages

EOIR - 4 of 4

Form I-831 Continuation Page (Rev. 08/01/07)

Exh. 1 - Adm.

000608

RESTRICTED Case: 24-4428, 07/30/2025, DktEntry: 8.2, Page 557 of 608
Uploaded on: 2/10/2023 at 4:08:31 p.m. (Pacific Standard Time)  Base City: ADL

| U.S. Department of Homeland Security | Subject ID : 383089490 | | Record of Deportable/Inadmissible Alien | | | | |
|---|---|---|---|---|---|---|---|

| Family Name (CAPS) | First | | Middle | Sex M | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| BARADJI, YOUBA KANDE | | | | | | | |

| Country of Citizenship | Passport Number and Country of Issue | File Number ADE2302000086 | Height | Weight | Occupation |
|---|---|---|---|---|---|
| MAURITANIA | | 095 416 260 | | | |

| U.S. Address | Scars and Marks |
|---|---|
| 13777 Air Expressway VICTORVILLE, CALIFORNIA, 92394 | |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F.B.I. Number 797811ME2 | ☐ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated |
|---|---|---|---|
| 03/23/2002, NYC, AY - ASYLEE | | | |

| Number, Street, City, Province (State) and Country of Permanent Residence | | Method of Location/Apprehension |
|---|---|---|

| Date of Birth | | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| 04/25/1980 | Age: 42 | 02/07/2023 | ADE/LOS | | |

| City, Province (State) and Country of Birth | AR ☒ | Form : (Type and No.) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| MAURITANIA | | | |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | See Narrative |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children None |
|---|---|

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|

| Monies Due/Property in U.S. Not in Immediate Possession None Claimed | Fingerprinted? ☐ Yes ☒ No | Systems Checks | Charge Code Words(s) See Narrative |
|---|---|---|---|

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary H: | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)


Subject Health Status
-----------------
The subject claims good health.


Current Administrative Charges
--------------------------------
02/09/2023 - 237a2Aiii - Aggravated Felony: 101(a)(43)(B) Controlled Substance Trafficking
02/09/2023 - 237a2Aiii - Aggravated Felony: 101(a)(43)(U) Attempt or Conspiracy to Commit an Offense Described in Section 101(a)(43)
02/09/2023 - 237a2Bi - DRUG CONVICTION


Previous Criminal History
------------------------------------
On 08/14/2018, the subject was arrested for the crime of "Amphetamine - Sell" which resulted in a conviction on 08/14/2018. The subject was sentenced to 108 month(s).


Record of Deportable/Excludable Alien:
On February 07, 2023, Deportation Officer E. McCorkle encountered Baradji, Youba Kande A095 416 260 as part of the Institution Hearing and Removal Program (IHRP) at the Federal Bureau of Prisons (BOP), Federal Correctional Complex in Victorville, CA.  BARADJI is in BOP custody for his conviction of Title 21 USC Section 841(a)(1), 841(b)(1)(viii), 846 and 18 USC section 3553(f), Conspiracy to Possess with Intent to
...(CONTINUED ON I-831)

| | ELLIOTT MCCORKLE DO | |
|---|---|---|
| Alien has been advised of communication privileges _____ (Date/Initials) | (Signature and Title of Immigration Officer) | |

| Distribution: | Received: (Subject and Documents)  (Report of Interview) |
|---|---|
| | Officer: ELLIOTT MCCORKLE |
| | on: February 7, 2023 _____ (time) |
| | Disposition Warrant of Arrest/Notice to Appear |
| | Examining Officer: BUCHHOLZ, A 6949 |

Form I-213 (Rev. 08/01/07)

000557

EOIR 1 of 1

Case 5:24-cv-02596-SB-AGR    Document 1    Filed 12/02/24    Page 16 of 29    Page ID
#:16
RESTRICTED Case: 24-4428, 07/30/2024, DktEntry: 8.2, Page 558 of 608
Uploaded on: 2/10/2023 at 4:08:31 p.m. (Pacific Standard Time) Boise City, ADL

**U.S. Department of Homeland Security**　　　　　　　　　**Continuation Page for Form** I-213

| Alien's Name<br>BARADJI, YOUBA KANDE | File Number<br>095 416 260<br>Event No: ADE2302000086 | Date<br>02/07/2023 |
|---|---|---|

Distribute more than 500 grams of Methamphetamine.

The following information is based on a review of BARADJI 's A-file, EARM, CIS, TECS record checks, conviction documents.


Immigration History:

BARADJI is not a national and citizen of the United States.

BARADJI is a national and citizen of Mauritania by virtue of birth.

On an 03/23/2002, BARADJI was admitted into the United States at New York city, NY. as a AS1 (Approved Primary Asylee).

BARADJI has not served in the United States Armed Forces.

BARADJI has no applications or petitions pending with USCIS.

BARADJI has no pending claims to United States citizenship.

Criminal Record:

Date: 1/26/2018
Charge: 21 U.S.C 841(a)(1), 841(b)(1)(A)(viii), 846 and 18 USC section 3553 (f), Conspiracy to Possess with Intent to Distribute more than 500 grams of Methamphetamine.
Conviction Date: 10/10/2021
Sentence:108 Months Prison


Gang Affiliation:

BARADJI has no known affiliation with any street gangs.

Medical Status:

BARADJI has no known medical problems.


Dispo:
BARADJI is being processed with a Notice to Appear, Form I-862, before an Immigration Judge for removal proceedings under Section 240 of the INA.


Other Identifying Numbers
------------------------------------
ALIEN-095416260
BOP-77773061



| Signature<br>　　　　　　ELLIOTT MCCORKLE | Title<br>　　　　　　　　　　DO |
|---|---|

2 of 2 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

Exh. 2 - ID Only

# Exhibit 4

U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court


In the Matter of                                    File:  A095-416-260


                                    )
YOUBA KANDE BARADJI                 )        IN REMOVAL PROCEEDINGS
                                    )
     RESPONDENT                     )        Transcript of Hearing


Before White, Curtis G., Immigration Judge


Date: May 25, 2023                    Place: ADELANTO, CALIFORNIA


Transcribed by Free State Reporting, Inc.-3


Official Interpreter:


Language:


Appearances:

  For the Respondent: PRO SE

  For the DHS: MARK FREDERICK UDE

RESTRICTED Case: 24-4428, 07/30/2024, DktEntry: 8.2, Page 222 of 608

1   JUDGE FOR THE RECORD

2        Good morning.  This is Immigration Judge Curtis White for the Las -- excuse me

3   for the Adelanto Immigration Court.  Today is May 25th, 2023.  This is a Master

4   Calendar hearing for case number 095 416 260.  This is for Mr. Youba Kande Baradji.

5   JUDGE TO MR. BARADJI

6        Is that you, sir?

7   MR. BARADJI TO JUDGE

8        Yes.  Yes, sir, Your Honor.

9   JUDGE TO MR. BARADJI

10        All right.

11   JUDGE FOR THE RECORD

12        The respondent is present and in Federal BOP custody in Victorville.  He is not

13   represented.  Homeland Security is represented by Mr. Ude who appears via Webex.

14   The respondent previously indicated that English is his preferred language for these

15   proceedings.  The Court conducts this hearing through video conferencing on the

16   Webex platform.  Unauthorized recording is prohibited.  And the Court has already

17   ensured that everyone can see and hear each other.

18   JUDGE TO MR. UDE

19        Now, Mr. Ude, I hope you got good notes from the last hearing.  Oh.  And it looks

20   like you filed some documents the other day.  Let me take a look at that.  Oh.  That's

21   actually from the respondent.

22   JUDGE TO MR. BARADJI

23        Okay, sir.  It looks like the Court received some mail from you.  Give me a

24   second and I'll take a look at that, sir.  I'm looking at that now.

25   JUDGE FOR THE RECORD

A095-416-260                         29                         May 25, 2023

1  not an Immigration Judge. So I, I will find out where the notice to terminate is, Your

2  Honor.

3  JUDGE TO MR. BARADJI

4      All right. And so Mr. Baradji, do you know what your anticipated release date is?

5  MR. BARADJI TO JUDGE

6      My, my release date?

7  JUDGE TO MR. BARADJI

8      Right.

9  MR. BARADJI TO JUDGE

10     Yeah. It's the -- I'm getting the [indiscernible] stuff so it's going to change.

11  Everyone's -- they're giving me 15 days off my sentence so I know my release date is

12  August 26th, but it's going to change. It's going to go down because I'm getting a

13  [indiscernible].

14  JUDGE TO MR. BARADJI

15     Okay. And that's this year?

16  MR. BARADJI TO JUDGE

17     Yes. 26th. My, my release is 2026 but it's change every -- every month it

18  change because I'm in low-level [indiscernible]. I get [indiscernible]. So every month I

19  get 15 days off my sentence. Every, every -- you know, every month.

20  JUDGE TO MR. BARADJI

21     But, but what year?

22  MR. BARADJI TO JUDGE

23     Since I changed --

24  JUDGE TO MR. BARADJI

25     This year or 2026?

EX84

1    MR. BARADJI TO JUDGE

2         2026, but it's going to change.

3    JUDGE TO MR. BARADJI

4         Okay.

5    MR. BARADJI TO JUDGE

6         But hopefully I think I'm going to be done by 25 or end of 24.

7    JUDGE TO MR. BARADJI

8         Okay.

9    MR. BARADJI TO JUDGE

10        Because I'm getting good time.

11   JUDGE TO MR. BARADJI

12        Okay.

13   JUDGE TO MR. UDE

14        All right.  So Mr. Ude, I am going to give you one final continuance.  I will give

15   you a little bit more time.  I will give you until July 6th.

16   MR. UDE TO JUDGE

17        Thank you, Your Honor.

18   JUDGE TO MR. UDE

19        But please have that, otherwise, you will need to explain why the Court should

20   not terminate the case for lack of prosecution.

21   JUDGE TO MR. BARADJI

22        All right.  So Mr. Baradji, we are going to reset your case to July 6th.  That will be

23   at 8:00 in the morning, 2023.  This year.  So that's about six weeks away.  There are

24   some documents I still need from Homeland Security.  They're going to work on getting,

25   getting those and filing those and then if they do, we'll discuss them at your next case.

A095-416-260                          33                          May 25, 2023

1      Okay. The Court will note that this is a closed hearing. There are no other

2   respondents or public present other than Court staff and, and the bailiff there in

3   Victorville.

4   JUDGE TO MR. UDE

5      So Mr. Ude, I don't know if you've seen this letter that he filed a couple of days

6   ago. Basically he's saying that he's as I understand it, he's an informant or is

7   cooperating with the Federal Government and that here was some kind of agreement

8   that they would not put him in removal proceedings.

9   JUDGE TO MR. BARADJI

10      Sir, I don't really have any control over that part. But I just made the Government

11   attorney aware of that so he can look into it and see if he needs to do anything on his

12   end about that.

13   JUDGE TO MR. UDE

14      Now one thing I did want to discuss with Homeland Security is at the last hearing,

15   Mr. Ude, what it sounds like from the case is that the respondent is an asylee that never

16   adjusted his status. And the discussion I had with your counterpart, Ms. Patel, at the

17   last hearing was that under the law of this Circuit, the Court needs a notice of intent to

18   terminate. The Court does not have that yet. Ms. Patel said she was going to work on

19   that. Any statement on that status, Mr. Ude?

20   MR. UDE TO JUDGE

21      Unfortunately not, Your Honor. I, I do see where previous counsel, not just Ms.

22   Patel, but also Judge Barrett had discussed the fact that there needs to be a notice of

23   intent to terminate the asylum grant. I -- if the Court would grant a short continuance, I

24   will follow up with [indiscernible] if she had submitted that.

25   JUDGE TO MR. UDE

A095-416-260                    30                          May 25, 2023

Exh3

1       Okay.

2    MR. UDE TO JUDGE

3       Those do take some time to process because the Judge has to sign it.

4    JUDGE TO MR. UDE

5       The notice of intent to terminate.

6    MR. UDE TO JUDGE

7       Oh. Wait. I'm sorry. It's -- I'm, I'm --

8    JUDGE TO MR. UDE

9       So --

10   MR. UDE TO JUDGE

11      -- confusing -- we, we can filed the notice of intent, but we have to get the Judge I

12   think to actually terminate the asylum.

13   JUDGE TO MR. UDE

14      Well, so this, this -- this is what I wanted to be clear on. So if was USCIS that

15   granted asylum, then it would be a notice of intent to terminate. But if it was an

16   Immigration Judge that granted asylum, then it would have to be a motion to reopen

17   with that Judge and we can't have two Court proceedings going at the same time.

18   You'd have to move to dismiss --

19   MR. UDE TO JUDGE

20      Your Honor --

21   JUDGE TO MR. UDE

22      -- these ones, reopen the other case and then change venue.

23   MR. UDE TO JUDGE

24      I did -- I did mistake. It, it appears that -- on 260 -- let me see. I thought I saw

25   Mr. Barrett's comments that it was USCIS. But let me -- yes. It was through USCIS and

A095-416-260                          31                          May 25, 2023

1    JUDGE TO MR. BARADJI

2        Okay.

3    MR. BARADJI TO JUDGE

4        I just want to send you the proof that I have from the Government that after I

5    cooperate they're not going to deport me. So they're not going to deport me back to my

6    original country. Because I have granted asylum --

7    JUDGE TO MR. BARADJI

8        Yeah.

9    MR. BARADJI TO JUDGE

10        -- and I'm here because Mauritania government -- because it's a lot of people in

11    my case. So --

12    JUDGE TO MR. BARADJI

13        Yeah.

14    MR. BARADJI TO JUDGE

15        -- you know that's the [indiscernible].

16    JUDGE TO MR. BARADJI

17        Yeah. I don't know if I can do anything about that, but it is good that you're filing

18    that so that Homeland Security, their attorneys can see what that was and they can

19    check into it and see whether or not they want to go forward with your case or not. So,

20    yes. Send us that letter again. We'll -- I'll take a look at it and we'll discuss it more at

21    your next hearing.

22    MR. BARADJI TO JUDGE

23        Okay. Take care, Your Honor.

24    JUDGE TO MR. BARADJI

25        All right.

A095-416-260                    36                    May 25, 2023

1    JUDGE FOR THE RECORD

2        We are adjourned.

3    JUDGE TO MR. BARADJI

4        Take care, sir.

5    MR. BARADJI TO JUDGE

6        All right.

7    JUDGE TO MR. BARADJI

8        We'll see you.

9    MR. BARADJI TO JUDGE

10        Thank you.

11                          <u>HEARING CONTINUED</u>

12

13

14

15

16

17

18

19

20

21

22

23

24

25


A095-416-260                    37                    May 25, 2023

# Exhibit 6

U.S. Department of Homeland Security

Tustin, CA 92781-3001



**U.S. Citizenship
and Immigration
Services**

DATE:  October 6, 2023

YOUBA KANDE BARADJI
BOP# 77773-061
FCI – VICTORVILLE MEDIUM 1
P.O. BOX 3725
ADELANTO, CA  92301

RE:  A095 416 260 – YOUBA KANDE BARADJI

### Notice of Intent to Terminate Asylum Status and Hearing before an Immigration Judge

The purpose of this letter is to notify you of the intent of U.S. Citizenship and Immigration Services
("USCIS") to terminate the asylum status you were granted on May 08, 2007. This office has received the
following information indicating that your asylum status could be terminated pursuant to 8 C.F.R. §208.24(f):

- On October 07, 2021, in the United States District Court, Southern District of Ohio, you were
  convicted of Conspiracy to Possess with Intent to Distribute more than 500 Grams of
  Methamphetamine, in violation of 21 U.S.C. §§§ 841(a)(1), 841(b)(1)(A)(viii),846 and 18 U.S.C. §
  3553(f). You were sentenced to 108 months in prison.

It is thus determined that you have been convicted of an aggravated felony as defined in section 101(a)(43)(G)
of the Immigration and Nationality Act ("INA"), considering that it is an offense for which the term of
imprisonment is at least one year. As of the date of your conviction for that crime, you became ineligible for
asylum status. Therefore, your asylum status may be terminated. *See* INA §§ 208(c)(2)(B), 208(b)(2)(A)(ii).

To give you the opportunity to respond to this adverse information, you will be scheduled for a hearing in
front of an Immigration Judge on a date and at a location to be arranged. You will have the opportunity at the
hearing to present information and evidence to show that you are still eligible for asylum. Your asylum status
will not be terminated unless a preponderance of the evidence supports termination. You may be represented
at the hearing before the Immigration Court.

Sincerely,

*for* David Radel
Director, Los Angeles Asylum Office



PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

quadient
CORRECTION
IMI
$008.50
11/26/2024  ZIP 92301
043M31242473

US POSTAGE

**UNITED STATES**
**POSTAL SERVICE** ®

**PRIORITY** ®
**UNITED STATES**
**POSTAL SERVICE** ®

USPS TRACKING #

9114 9999 4431 3971 4453 03

■ Expected delivery date specified for domestic use
■ Domestic shipments include $100 of insurance (re
■ USPS Tracking® service included for domestic an
■ Limited international insurance.**
■ When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the
Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSURED**

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

**UNITED STATES**
**POSTAL SERVICE** ®

**PRIORITY** ®
**MAIL** ®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Youba Kanda Barao
      Alien No. 095416260.133/49
      Desert View Annex
      10450 Rancho Road
      Adelanto, CA 92301

TO:   Clerk of District
      Court.
      255 E. Tample St
      L.A, CA 90012.

DEC - 2 2024

Label 228, December 2023      FOR DOMESTIC AND INTERNATIONAL USE



**UNITED STATES POSTAL SERVICE** ®    **PRIORITY**® **MAIL**

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**TRACKED ■ INSURED**



PS00001000014    EP14F October 2023
OD: 12 1/2 x 9 1/2

**VISIT US AT USPS.COM**®
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.